Al TAYLOR, dba "Persuasion," Plaintiff and Respondent,

v.

HILTON HOTEL OF SALT LAKE; Pearson Enterprises; Dwain Pearson, Mike Squires, Charles Shaw, Prime Cut Room, Jim Michelson, dba Salt Lake Hilton, Defendants and Appellants.

No. 17375.

Supreme Court of Utah.

Dec. 28, 1981.

Ken Chamberlain, Richfield, for Hilton.
Dale E. Stratford, Ogden, for Taylor.

CHRISTOFFERSEN, District Judge:

This is an appeal from a trial court finding of breach of contract and an award of special damages and attorney fees to the plaintiff. We affirm.

This matter involves a musician's contract, wherein the defendants, hereinafter referred to as "Hilton," agreed to hire four musicians for a period from January 2, through February 4, 1978. An agreement upon a wage was made of $1,300 per week plus one room. This action is brought by plaintiff, Al Taylor, who signed the contract as leader of the musicians' group. Hilton, through its agents, terminated the contract after one week, on a general basis that the group was not right for the room in which they were playing.

The trial court found the termination was without cause and awarded damages in the amount of $5,200 which would be the balance due on the contract. The defendants' position is that the plaintiff can only sue for himself and is not a party in interest for the other three. The contract is on a standard musicians' union form. However, the contract was prepared and presented by defendants to Taylor for his signature as leader and provides a place for signature of the employer. The contract also provides that the leader represents to the employer that the designated musicians shall be bound by the terms and conditions of the contract.

It is not contested by the defendants that the other three members of the group who did not sign the contract are bound by the contract, since they went to work and accepted the employment, at least until they were terminated. The contract further provides:

On behalf of the employer, the leader will distribute the amount received from the employer to the musicians, including himself as indicated on the opposite side of this contract, or in place thereof on separate memorandum supplied to the employer at or before the commencement of the employment hereunder, and take and turn over to the employer receipts therefore from each musician, including himself.

This provision provides the responsibility to the leader to receive and distribute the amounts due under the contract to the musicians. Therefore, it follows that if the employer fails to pay the amounts due to all the musicians, over to the leader, the leader has the responsibility, under the contract, to collect the same, and distribute the same to

the musicians. This he has attempted to do by the lawsuit. The court therefore holds that the leader, as the group's agent pursuant to the terms of the contract, is to collect the monies due for all of the musicians involved. If there is any ambiguity or uncertainty as to this responsibility, the ambiguities and uncertainties, or any omissions, are to be resolved against the one on whose behalf it was drawn. *17 Am.Jur.2d, Contracts, Section 276.* Other courts have taken a similar view in dealing with orchestra organizations in their contracts. A Wisconsin court found the leader is the appropriate person to bring the suit and distribute the proceeds recovered to his side men, pursuant to any agreement he may have had with them. *Rodgers v. Local No. 8 American Federation of Musicians of the United States and Canada,* 403 F.Supp. 870 (E.D. Wisc.1975).

█ It is also the position of the defendants, that they had an absolute right to terminate the musicians' services under the contract. Again, the form contract was provided by and prepared for signature by Hilton, and the trial court, after evidence was given, found termination by Hilton was not justified by the acts of the musicians; therefore, it was a breach of the contract. A review of the record reveals this finding to be supported by substantial evidence and should not be disturbed. Therefore we affirm the judgment entered by the trial court. Costs awarded to plaintiffs.

HALL, C. J., and STEWART, HOWE and OAKS, JJ., concur.